IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. No.: 2:07cr142-MHT |
| | ) | |
| TORRENCE KENDALL SURLES | ) | |

**MOTION TO REOPEN DETENTION HEARING
& REQUEST FOR EVIDENTIARY HEARING**

**NOW COMES** the Defendant, Torrence Kendall Surles, by and through undersigned counsel, Kevin L. Butler, and hereby moves this Court to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f) and order that Mr. Surles be placed on home release with electronic monitoring or in a community correction facility (half-way house) while this case remains pending in this Court. In support of this motion the defense states:

1. Mr. Surles is charged with possession with the intent to distribute narcotics and threatening a law enforcement officer in violation of 21 U.S.C. § 841 and 18 U.S.C. 115(a)(1)(A&B). (Doc. #12)

2. After his arrest on these charges, the Court conducted a detention hearing. (Doc. # 9)

3. After taking testimony from the government agent and Mr. Surles, the Court did not find that Mr. Surles was a risk of flight or non-appearance. However, the Court found that because Mr. Surles had communicated a veiled threat to a federal agent and had been involved in narcotics possession and distribution, he should be detained. (Docket #9 at p.2)

1

4. On or about September 12, 2007, Mr. Surles was administered a lie detector test by Gerald Carter at the Montgomery City Jail. (Ex. 1) The purpose of the test was to assess whether Mr. Surles had made threats against the family of ATF Agent McNeal.

5. During the test and in response to questioning, Mr. Surles was not attempting deception when he informed the examiner that **he did not** tell Agent McNeal it would be awful if something happened to her children and **he did not** make any threatening statements to Agent McNeal concerning her family. (Ex. 1).

6. Pursuant to 18 U.S.C. § 3142(f), this Court has the authority to reopen a detention hearing if new and material evidence is presented which bears upon the issue of whether conditions of release can be fashioned. *Id.*

7. Mr. Surles understands the Court will give the proffered testimony and attached exhibits the weight it deems appropriate. However, this evidence supports Mr. Surles' contention that he did not threaten a law enforcement officer. Subsequently, it is new evidence that warrants reconsideration of the detention order and reconsideration of whether Mr. Surles is in fact a danger to the community and if conditions or a combination of conditions can be fashioned to protect the community.

8. After a hearing in this case, based upon this evidence and the fact that Mr. Surles has no history of violence, Mr. Surles would ask that he be placed either on electronic monitoring or in a community corrections facility. These conditions would adequately protect the community.

WHEREFORE, for these reasons set forth above, Mr. Surles asks the detention hearing in this matter be reopened and that this Court order him placed on home detention or a community

corrections facility pending the resolution of the indictment filed in this matter.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **V.** | )   CR. No.: 2:07cr142-MHT |
| | ) |
| **TORRENCE KENDALL SURLES** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Christa Deegan, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104


Respectfully submitted,


s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

**Gerald Carter & Associates, Inc.**
P.O. Box 21
Dadeville, Alabama 36853
(256) 825-0528
c.geraldcarter@gmcarter.com

September 12, 2007

Mr. Kevin Butler
Federal Defenders Office
Middle District of Alabama
1960 The RSA Tower
201 Monroe Street
Montgomery, Alabama 36104

**ARRANGEMENTS:**
This is a confidential report furnished for your use regarding a polygraph examination administered at your request to **TORRENCE K. SURLES** on September 12, 2007 at the Montgomery Alabama City Jail.

**MISCELLANEOUS INFORMATION:**
DATE OF BIRTH: 1/15/1963
SOCIAL SECURITY NUMBER: 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

**PURPOSE OF EXAMINATION:**
It was the understanding of the examiner that the purpose of the polygraph examination was to determine the truthfulness of Mr. Surles' statements regarding an allegation that he made threats against the family of ATF agent McNeal in Montgomery, Alabama. Mr. Surles is alleged to have made the following statements while speaking with Agent McNeal on the telephone on or about July, 2007, to wit:

SURLES: How are your children doing?
MCNEAL: Fine
SURLES: It would be awful if something happened to them.

Mr. Surles stated that he did talk with Agent McNeal on a Friday evening in July, 2007 between the hours of approximately 7:30 PM and 8:30 PM while he was on his way to Selma, Alabama. Mr. Surles stated that he was aggravated that Agent McNeal tricked him into coming to the ATF office and that he was aggravated that the DEA agent had threatened him to get his cooperation. Mr. McNeal stated that he started the conversation with Agent McNeal by telling her that he was not mad at her for tricking him into coming to her office. He stated that at that point he believed that Agent McNeal started to get defensive with him. Mr. Surles stated that he had been consuming alcohol and cocaine that day but denied that he was "high." Mr. Surles denied that he made the statements attributed to him by Agent McNeal and further denied that he made any type of threat toward her or her family. He stated that he ended the cell phone conversation with Agent McNeal by telling her to take care of her foot and her boys.

**Page 2, Polygraph Examination Report on Torrence Surles**

The background information relating to this case was provided by Investigator Johnny Johnson and Attorney Kevin Butler.

**PERMISSION FORM:**
Before his pre-test interview, Mr. Surless signed a permission form stating that he was taking the examination of his own free will. The original permission form has been incorporated into our case file.

**PROCEDURE:**
The examination utilized equipment which indicated and recorded on a moving chart relative changes in blood pressure, rate and strength of pulse beat, Galvanic Skin Response, and breathing pattern.

The technique used was the Utah Probable-Lie Test

The polygraph instrument used was a Lafayette LX4000 computerized system. The interview and examination was recorded electronically with the full knowledge of Mr. Surles. A copy was provided to Investigator Johnson.

A total of three (3) charts were made. The below indicated relevant questions were asked during the overall examination:

R5. **Regarding your telephone conversation on Friday evening, did you ask Agent McNeal how her children were doing?**

**ANSWER: NO**

R8. **Regarding your telephone conversation on Friday evening, did you tell Agent McNeal that it would be awful if something happened to her children?**

**ANSWER: NO**

R11. **Did you make any threatening statements to Agent McNeal concerning her family?**

**ANSWER: NO**

**Page 3, Polygraph Examination Report on Torrence Surles**

**RESULTS:**
In the opinion of this examiner, Mr. Surles' charts showed no strong or consistent unresolved responses to any of the listed relevant questions. He answered "**NO**" to the listed relevant questions.

**CONCLUSIONS:**
After careful analysis of all Mr. Surles' polygraph charts, it is the opinion of the examiner that he **WAS NOT ATTEMPTING DECEPTION** when he gave the indicated answers to the relevant questions.

_____
C. Gerald Carter, polygraph examiner
Alabama License #209